MATTER OF M/V "BERGEN JUNO"

In Fine Proceedings

NOL 10/61.611

*Decided by Board February 2, 1977*

(1) Under section 256 of the Immigration and Nationality Act the carrier has an absolute duty not to pay off or discharge any alien crewman employed on board a vessel or aircraft arriving in the United States without having first obtained the consent of the Attorney General. The only exception to this rule is an alien lawfully admitted for permanent residence.

(2) The statute is penal in nature; strict proof of the violation is required; and an essential element in establishing this violation is the termination of the crewman's employment by an affirmative act of the parties responsible for the vessel, or the crewman himself, without prior approval of the Attorney General.

(3) Where the crewmen were paid off, and separated from the crew list, and one of the vacated positions on the crew was filled by another crewman, the record sufficiently shows that such an affirmative act occurred; prior approval of the Attorney General was not secured; and imposition of the fine was proper.

In re: M/V "BERGEN JUNO"; alien crewmen involved: Ismail Ibraim Juwale and Swapan Das Sarma

Basis for Fine: Act of 1952—Section 256 [8 U.S.C. 1286]

ON BEHALF OF CARRIER:    J. Francois Allain, Esquire
                         Chaffe, McCall, Phillips, Toler & Sarpy
                         1500 First National Bank Building
                         New Orleans, Louisiana 70112

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

This case presents an appeal from a decision of the District Director wherein a fine in the amount of $2,000, mitigated to the minimum sum of $1,000, was imposed upon owners of M/V "Bergen Juno" for violation of section 256 of the Immigration and Nationality Act, as amended. The appeal will be dismissed.

The specific violation complained of was the failure of the master of the M/V "Bergen Juno" to obtain the consent of the Attorney General before paying off and discharging two alien crewmen upon arrival at New Orleans on April 14, 1976. The ship sailed foreign on April 15, 1976.

On April 16, 1976, the crewmen who had been inspected and granted

permission to land temporarily in the United States were located at the International Airport in New Orleans, and each signed a Record of Sworn Statement prior to their departure from the United States at no expense to the United States Government. Each crewman stated that he had been paid off from the M/V "Bergen Juno" on April 14, 1976, without first obtaining the permission of the Attorney General. Furthermore, one of the crewmen, Swapan Das Sarma, also stated "on the same day of the arrival I was discharged by the master of the vessel and paid off" (Form I-215B, dated April 16, 1976). Additionally, the Departing Crew List of the vessel showed the two crewmen as "separated crew," and showed an added crewman as "Chief Engineer," the same capacity in which one of the two crewmen had served.

Wallem Shipmanagement, Ltd., who employs the officers and crew of the M/V "Bergen Juno," contends that although the two crewmen were paid their earned wages, the crewmen were still under its employment. The crewmen were repatriated to India solely for vacation purposes; afterwards, both crewmen would be reassigned to the same or other vessels managed by Wallem.

Under section 256 of the statute, the carrier has an absolute duty not to pay off or discharge any alien crewman employed on board a vessel or aircraft arriving in the United States, without first having obtained the consent of the Attorney General. The only exception to this rule is an alien lawfully admitted for permanent residence. Inasmuch as the statute we administer is penal in nature, strict proof of a violation is required. We have stated in *Matter of Yacht Caribbean Star*, 9 I. & N. Dec. 272 (BIA 1961), under section 256 of the Act, "the element essential to establish a violation is the termination of the crewman's employment by an affirmative act of the parties responsible for the vessel or of the crewman himself."

The words "pay off" as used in section 256 are words of art which, from accepted practice in the shipping industry, carry a clear intention that a seaman receive his wages upon termination of his employment under the articles of his service on board the particular vessel. *United States v. Seaboard Surety Company*, 239 F.2d 667 (4 Cir. 1957).

On the record before us, we are convinced that there was such affirmative act. The two crewmen were paid off, they were separated from the crew list, and one of the positions vacated was filled by another. We have held, when this occurs without first obtaining the consent of the Attorney General a violation of section 256 is established, *Matter of SS Republic*, 5 I. & N. Dec. 663 (BIA 1954).

We find the imposition of a fine under section 256 to be proper.

ORDER: The appeal is dismissed.